IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION



MICHAEL BROWN                                                    PLAINTIFF

VS.                                    CIVIL ACTION NO. _5: 12CV 119 DPJ-FKB_

JEFFERSON COUNTY SCHOOL DISTRICT,
by and through its Superintendent, TRACEY M. COOK;
JEFFERSON COUNTY BOARD OF EDUCATION,
by and through its President, ROOSEVELT ANDERSON;
the MISSISSIPPI DEPARTMENT OF EDUCATION; and
JOHN DOES NOS. 1-10                                            DEFENDANTS

## COMPLAINT

COMES NOW, the Plaintiff, Michael Brown, by and through counsel and files this his

Complaint, against the Defendants, Jefferson County School District (hereinafter referred to as

"JCSD"), by and through its Superintendent, Tracey M. Cook; the Jefferson County Board of

Education, by and through its President, Roosevelt Anderson (hereinafter referred to as "JCSB");

the Mississippi Department of Education (hereinafter referred to as "MDE"), and John Does

Nos. 1-10; and in support hereof, would show unto the Court the following, to-wit:

1.  This Honorable Court has jurisdiction of the parties and subject matter in this action,

inasmuch as the claims or causes of action set forth herein occurred, in whole or in part, in

Jefferson County, Mississippi.  Further, the Plaintiff would show unto the Court that this Court

has subject matter jurisdiction of this action, inasmuch as certain claims and causes of action set

forth herein arise concerning violation of the *First, Fifth and Fourteenth Amendments* to the

*United States Constitution*, such that jurisdiction is conferred upon this Court, as well as other

federal law, such that jurisdiction is conferred pursuant to 28 U.S.C. Section 1331.  The Plaintiff

would also show unto the Court that this Court has subject matter and personal jurisdiction,

inasmuch as certain claims herein concerning a contract to be performed, in whole or in part, in Jefferson County, Mississippi.  Finally, venue is proper in this District and in this Division, inasmuch as the claims and causes of action arose, in whole or in part, in Jefferson County, Mississippi.

2.  The Plaintiff, Michael Brown, is an adult resident citizen of Jefferson County, Mississippi, which is within this District and Division.  At all material and relevant times, as alleged herein, the Plaintiff was the Principal of Jefferson County Junior High School, located in Jefferson County, Mississippi, until he was wrongfully terminated from or otherwise not renewed for said position, on or about August 29, 2011, in violation of the *Education Employment Procedures Act*, Sections 37-9-101, *et seq.*, of the *Mississippi Code of 1972, Annotated*, as amended, and his rights and privileges under the *First, Fifth and Fourteenth Amendments* to the *United States Constitution*.  The Plaintiff would state and show unto the Court that he has exhausted all purported administrative remedies, although such remedies have been futile, due to the wrongful actions of the Defendants, as alleged herein.

3.  Defendant, JCSD, is a school district organized and existing under the laws of the State of Mississippi.  Said defendant may be served with process of this Court by serving a true and correct copy of this Complaint upon its current Superintendent, Tracey M. Cook.  He may be served with process of this Court at his place of employment, located at 942 Main Street, Fayette, Jefferson County, Mississippi 39069.  At all material and relevant times as alleged herein, this Defendant acted by and through its officers, agents, employees or other representatives, such that their actions or omissions are imputed to the Defendant.

2

4.  Defendant, JCSB, is the governing school board for the school district and is organized and existing under the laws of the State of Mississippi.  Said defendant may be served with process of this Court by serving a true and correct copy of this Complaint upon its President, Roosevelt Anderson.  He may be served with process of this Court at the school board's offices located at 942 Main Street, Fayette, Jefferson County, Mississippi 39069. At all material and relevant times as alleged herein, this Defendant acted by and through its officers, agents, employees or other representatives, such that their actions or omissions are imputed to the Defendant.

5.  Defendant, MDE, at all material and relevant times, as alleged herein, assumed the governance and control of the JCSD and JCSB, as set forth above.  The MDE, therefore, may be served with process of this Court by serving a copy of this Complaint upon its Interim Superintendent, Lynn House, Ph.D., at 359 North West Street, Suite 309, Jackson, Mississippi 39201. At all material and relevant times as alleged herein, this Defendant acted by and through its officers, agents, employees or other representatives, such that their actions or omissions are imputed to the Defendant.

6.  Defendants, John Does 1-10, are persons, entities, or businesses, the identities of which are currently unknown to the Plaintiff, or for which the Plaintiff has no actual or constructive notice of such Defendants' liability for the claims and causes of action set forth herein below.  Plaintiff would therefore show unto the Court that the identities or liabilities of such Defendants are wholly within the control and knowledge of the named Defendants, and each of them, such that the Plaintiff currently has no reasonable knowledge or information concerning these Defendants' identities or liabilities, after reasonable and diligent search and

inquiry.  Plaintiff would further state and show unto the court that said John Does 1-10 may be persons, businesses or entities, which are domiciled in the State of Mississippi and which may be responsible for the actions, violations and conduct they have taken against the Plaintiff, all of which is the subject matter of this litigation. However, upon information and belief, these Defendants may likewise be liable to the Plaintiff for all injuries, damages, claims, and causes of action set forth herein.  Plaintiff reserves the right to individually name such Defendants and join such Defendants, pursuant to Rules 19 and 20 of the *Federal Rules of Civil Procedure*, upon discovery of the true identities and liabilities of the same.

FACTS

7.  On August 29, 2011, Defendants JCSD and JCSB made the wrongful and unconscionable decision not to renew the Plaintiff's Employment Contract, due to the unlawful conduct and actions as alleged herein.

8.  On or about February 25, 2011, John E. Dickey, then Superintendent for the Jefferson County Board of Education, issued a letter notifying Mr. Brown that his employment as Principal of Jefferson County Junior High School would not be renewed.

9.  Thereafter, on March 4, 2011, counsel for Mr. Brown corresponded with Mr. Dickey and contested such non-renewal, in accordance with *Miss. Code Ann.* Section 37-9-109, as well as demanded the production of certain documents and things, as well as the preservation of evidence from spoliation. The letter likewise demanded that certification be made that all such items had been secured, such that no party, especially Mr. Brown, be prejudice by any loss, corruption or destruction of evidence.  To date, no such certification has been made.

4

10. On March 23, 2011, counsel for Mr. Brown made the same such demand upon counsel for the Jefferson County Board of Education. Although counsel for the Board provided a few documents concerning Mr. Brown's contracts and the like from Brown's personnel file, no additional documents have been produced, as sought in that letter. Additionally, no certification has been made that evidence, especially electronic evidence, has been secured and protected from spoliation.

11. On April 26, 2011, counsel for the Board sent correspondence and documents which he indicates will be introduced into evidence at a hearing on Brown's challenge to his non-renewal. However, the letter and the documents in no manner support or otherwise substantiate the reasons delineated in Dickey's letter of February 25, 2011, for Brown's non-renewal as Principal at Jefferson County Junior High School.

12. On June 10, 2011, the Plaintiff, by and through his counsel, submitted to the Hearing Officer, his Motion to Compel Execution of a contract for an additional one (1) year. Therefore, Brown would show and state that the District, and therefore the Board, have failed to comply with Section 37-9-109 of the *Mississippi Code of 1972, Annotated*, as amended.

13. On June 13, 2011, the Hearing Officer refused or failed to rule on the Petitioner's Motion to Compel Execution of the Employment Contract. Instead of following the statutory requirements of Section 37-9-109, the Hearing Officer referred the matter to the Jefferson County Board of Education for consideration. Said refusal of the Hearing Officer is likewise contained in the transcript of the hearing held in this matter.

14. As specifically indicated in the final decision of the Jefferson County Board of Education, the Defendants did not even address the Plaintiff's Motion to Compel Execution of

the Employment Contract.  Such failure or refusal is in direct violation of the Petitioner's rights

and privileges as set forth in Section 37-9-109 of the *Mississippi Code of 1972, Annotated*, as

amended, as well as his rights and privileges under the *First, Fifth and Fourteenth Amendments*

to the *United States Constitution*.

15.  As such, the Jefferson County Board of Education should have ordered the execution

of a contract with Mr. Brown for an additional one (1) year period, as mandated by the statute.

16.  On the same said date, the Plaintiff, by and through his counsel, filed a Motion to

Disqualify Hearing Officer, the basis for which is set forth below.

17.  On March 23, 2011, counsel for the Jefferson County Board of Education, for the

first time, indicated that Dorian Turner would serve as the hearing officer in this matter, simply

by copying her on correspondence to counsel for Mr. Brown, regarding the scheduling of the

hearing in this matter.

18.  On April 19, 2011, an article appeared in the *Clarion Ledger*, concerning a hearing

regarding the non-renewal of a contract for Superintendent Lonnie Edwards by the Jackson

Public School Board.  Attached to and incorporated in the Motion to Disqualify the Hearing

Officer is a copy of that article.  In the article, hearing officer Turner is specifically referenced as

an attorney for the Jackson Public School Board.  After the appearance of this article and after an

investigation performed by counsel for Mr. Brown, it was determined that the hearing officer in

the Jackson Public School Board case, concerning Superintendent Edwards, was Nathaniel A.

Armistad, who serves as the attorney for the Jefferson County Board of Education in this case.

19.  As a further result of the investigation by counsel for Mr. Brown, it was determined

that a practice and/or course of conduct had developed by and between Nathaniel Armistad,

Dorian Turner, and her former employer, James Keith, that the respective school boards, which they represent or have represented, would appoint each other as hearing officers concerning matters, including the non-renewal of educators' contracts, such as that as Mr. Brown. Essentially, therefore, a course of conduct has developed by and between Mr. Armistad, who serves as counsel for the Jefferson County Board of Education in this case, with Ms. Turner, who served as the hearing officer in this matter; whereas, in the Edwards non-renewal case, Ms. Turner served as attorney for the Jackson Public School Board, while Mr. Armistad served as the hearing officer in such case. Furthermore, based upon the investigation performed by counsel for Mr. Brown, it has been determined that Mr. Armistad and Ms. Turner, as well as Mr. Keith, have engaged in similar practices, such that these individuals maintain a financial interest in their continuing representation of various school boards, as well as then serving as hearing officers, particularly concerning non-renewal of educators, such as Mr. Brown. Moreover, during the hearing before the Jefferson County Board of Education on August 29, 2011, the Board's President, Roosevelt Anderson, was specifically instructed to contact Mr. Jim Keith with any questions, especially procedural, which the Board may have. A tape recording made by the Board at such hearing, which the Board has not produced, despite previous efforts to obtain any and all such audiotape recordings, is expected to reveal such instruction by Mr. Armistad to the Board.

20. In accordance with Section 37-9-111, a hearing officer, as well as any member of the Board, is to be an "impartial person" and is not to have any "interest in the outcome of a hearing." The impetus of this statutory provision is such that employees, like Mr. Brown, should not have their statutory or constitutional rights violated, as reflected in Section 37-9-113.

7

Indeed, a public employee, under contract with the State of Mississippi, as an educator, has an expectation of continued employment, such that he has a vested property interest protected under the Due Process Clause of the *Fifth* and *Fourteenth Amendments* to the *United States Constitution*, as well as Section 14 of the *Mississippi Constitution, Article III*. While such hearing officers are presumed to be acting with "honesty and integrity", an employee, such as Mr. Brown, may show that the hearing officer had a personal or financial stake in the case. *See Spradlin v. Board of Trustees of Pascagoula School District*, 515 So.2d 893, 898 (Miss. 1987).

21.   Therefore, due to the financial interests of Ms. Turner in maintaining her relationship with Mr. Armistad in conducting such hearings for and on behalf of school boards in the State of Mississippi, the specter of impropriety exists in this matter.  It is essential to Brown's constitutional rights and privileges that he be given full due process and receive a fair and impartial hearing.  *See Crockett v. Board for Mound Bayou Schools*, 770 So.2d 1030, 1035 (Miss.2000).  As reflected in *Hall v. Small Business Administration*, 695 F.2d 175 (5th Cir. 1983), judges, and in this case hearing officers, are to avoid the appearance of any impropriety. Inasmuch as Turner and Armistad, as well as Keith who advised the Board directly when it was considering this matter, clearly have an ongoing course of conduct and business relationship in appointing one another as hearing officers for matters regarding their clients' decisions affecting educators, such as Mr. Brown, then there is, at a minimum, an appearance of impropriety. At a maximum, it is a direct violation of the Petitioner's statutory and constitutional rights and privileges.

22.   As evidence of the prejudice to be visited upon Mr. Brown, counsel for him sought the issuance of a Subpoena Duces Tecum upon the Mississippi Department of Education, on

May 27, 2011.  This request was served upon Ms. Turner and was requested in accordance with

the provisions of Section 37-9-111.  Ms. Turner refused to issue such a subpoena for documents

that were vital, reasonable and necessary for Mr. Brown's hearing on the matter of his non-

renewal as Principal at Jefferson County Junior High School.  Attached to and incorporated in

the Plaintiff's Motion to Disqualify the Hearing Officer are the series of email exchanges by and

between Turner and Mr. Brown's counsel, as well as a copy of the Subpoena Duces Tecum.

Indeed, Ms. Turner made such a decision without there being any counter-argument from Mr.

Armistad on behalf of the Jefferson County Board of Education.  Indeed, Armistad did not even

request that the Subpoena be quashed.  As reflected in Section 37-9-111, a hearing officer is to

have no ex parte communications regarding any substantive provisions of the hearing.  Since

Armistad did not copy counsel for Mr. Brown with any communication to Ms. Turner, then the

reasonable deduction may be reached that Turner and Armistad, even during the conducting of

the Edwards hearing in Jackson (which lasted many days over several weeks), communicated

with one another on the issuance, or not, of such subpoena without including Brown's counsel in

such communication.

    23.  Therefore, actual prejudice has been visited upon Mr. Brown concerning the subject

hearing on the non-renewal of his Employment Contract.  Due to such actual prejudice, Brown

hereby moved for the disqualification of Turner as the hearing officer in this matter.  Without

any explanation or reasoning, the hearing officer, Turner, denied the Motion to Disqualify.

Moreover, due to the violation of the Jefferson County School Board of the terms and provisions

of Section 37-9-111, including the failure of the school board to provide evidence which

purportedly substantiates the reasons for Brown's non-renewal, as delineated in Mr. Dickey's

letter of February 25, 2011, then the Jefferson County Board of Education should have compelled the execution of a contract with Mr. Brown for an additional one year, in accordance with Section 37-9-109(a).

24.  The Jefferson County Board of Education thus engaged in such unlawful conduct and should have immediately reinstated the Petitioner to his previous position as Principal at Jefferson County Junior High School.

25.  The background, procedural and substantive aspects of this matter are set forth below, and the evidence thoroughly establishes the irrefutable facts that the Plaintiff did not receive a fair and unbiased "due process" hearing and consideration of the credible evidence and that the decision of JCSB was made arbitrarily and capriciously.

26.  As set forth above, even prior to the hearing, the Plaintiff challenged the method and manner by which the entire process was conducted, as well as the parties who were facilitating this biased, politically motivated, and partizan procedure.  The procedural abnormalities of the Defendants' termination process must be directly reviewed by this Court and strictly scrutinized, so as to maintain the integrity of Mississippi's *Educational Employment Procedures Law*, established by Section 37-9-101, *et seq.*, of the *Mississippi Code of 1972, Annotated*, as amended.

27.  As part and parcel of the above and foregoing lack of procedural due process and as part and parcel of the political motivations of the Defendants, and each of them, the Plaintiff would show unto the Court that in 2010, prior to his non-renewal, he had qualified to run for the office of Superintendent of Education for Jefferson County, Mississippi.  His opponent, the current Superintendent, Tracey M. Cook, was the hand-picked successor or the previous

Superintendent, Dickey, and the representatives of the MDE, which is precluded from engaging

in any such political activity.  Indeed, during a meeting of the JCSB, the principal representative

of the MDE public announced support of Cook.  The parties jointly and in a conspiracy against

the Plaintiff, then, set upon the above course of action to terminate the Plaintiff from his posiiton

as Principal, to cause loss to his reputation in the community and to otherwise take any and all

actions necessary to prevent the Plaintiff from being so elected by the populace of Jefferson

County as its Superintendent of Education.  Such political and wrongful conduct on the part of

the Defendants, and each of them, violates the Plaintiff's rights and privileges under  the *First,*

*Fifth* and *Fourteenth Amendments* to the *United States Constitution*.

PROCEDURAL AND SUBSTANTIVE VIOLATIONS

28.  The Court should carefully scrutinize the sham method and manner by which the

Defendants and their representatives went about the termination of the Plaintiff.  Included in, but

not limited to, these procedural and substantive due process violations are the following:

a.      Instituting proceedings against which were clearly motivated by the
politics, regarding the fact that the Plaintiff has qualified to run for
Superintendent of Education of the Jefferson County School District.

b.      Setting a hearing before a biased and prejudiced hearing officer, who had
a financial interest in maintaining her relationship with counsel for the
school district, and who was unilaterally selected without proper notice to
the Plaintiff and in violation of his due process rights.

c.    Unlawfully terminating the Plaintiff, as a contract employee as shown by

his Employment Contract, when the Superintendent of the District

admitted that no notice, warning or otherwise had been provided to the

Plaintiff, as is required by the Jefferson County Policies and Procedures

Manual.

d.    Failing to call or even allow the Petitioner to call the Curriculum

Coordinator of the District as a witness, concerning issues which the

District purportedly relied upon in non-renewing the contract of the

Plaintiff.

e.    Hearing Officer's refusal to allow Plaintiff's counsel to cross-examine

certain witnesses and present other evidence which are violations of the

Plaintiff's due process rights and rights to a fair and impartial hearing.

f.    Hearing Officer's and Respondents' refusal to allow the Plaintiff to obtain

evidence, by way of subpoenas duces tecum, in order to respond to the

charges illegally brought against him.

g.    Defendants' misrepresentations concerning the position and purported

evidence from the Mississippi Department of Education.

h.      Hearing Officer's and Defendants' misrepresentations regarding the

actions or conduct of the representatives of the Mississippi Department of

Education.

i.      Defendants' failure and refusal to provide documents relating to any

Action Plan proposed by or any other documentation regarding the actions

or conduct of the representatives of the Mississippi Department of

Education.

j.      Defendants' failure to follow the District's Policies and Procedures

Manual, inasmuch as the Superintendent did not properly and lawfully

perform any legitimate evaluation of the Plaintiff as Principal at Jefferson

County Junior High School.

k.      Defendant Board, as the ultimate decision maker, was not impartial and

had already decided that the Petitioner that he would not be renewed prior

to or during the Board's meeting held on or about February 24, 2011, as

well as long before the Board had even received a transcript of the hearing

or the evidence adduced therein.

l.      Defendant Board failed to consider the undisputed testimony of the

teachers at Jefferson County Junior High School that the Plaintiff had

13

indeed performed evaluations of the teachers and other staff, through various and effective means and manners.

m.    Defendants have clearly obstructed justice and this process by directly or indirectly advising a key witness not to make themselves available at the hearing.

n.    Defendants unlawfully considered hearsay testimony in violation of Section 37-9-111.

o.    Defendants refused to provide the Plaintiff with the evidence that was presented against him at the alleged "due process hearing".  Defendants, in lieu of producing the information as a matter of fairness and as required by Section 37-9-109, refused to provide any documents whatsoever to Plaintiff which purportedly substantiated the decision to not renew the Plaintiff.

p.    Defendants' misrepresentations that the Mississippi Department of Education wanted the Plaintiff fired, that he did not evaluated teachers, that he did not get effective math tutors, that he did not support the Mississippi Department of Education, and that he was not visible on the campus of Jefferson County Junior High School.

14

q.  Most importantly, the failure or refusal of the Defendants to consider the most compelling evidence that all student test scores at Jefferson County Junior High School have risen to such a level that the oversight of the Mississippi Department of Education is no longer required, all due to the leadership, actions and work of the Plaintiff.

r.  The actions of the representatives of the MDE that Cook should be elected as the new Superintendent of District and then taking action to ruin the employment and educational career of the Plaintiff.

29.  The above concerns were raised by the Plaintiff even before the hearing was conducted.  During the hearing, attorney Dorian Turner, acting as a purported impartial "hearing officer", directly precluded Plaintiff from presenting fair and compelling evidence, as well as from challenging the veracity of those called to testify against him.  Moreover, she directly refused to allow the Plaintiff or his counsel to make any record involving specific evidence that refuted the claims made by the Defendants' Superintendent, especially with respect to the political motivation of Mr. Dickey to have the then Assistant Superintendent, Cook, prevail in the then on-going political election for Jefferson County Superintendent of Education.  She refused to allow the Plaintiff's counsel to obtain vital documents from the Mississippi Department of Education, and she failed or refused to compel the production of evidence sought by the Plaintiff, including disputed electronic mailings, from the Defendants or their counsel, with whom she maintains an on-going financial interest in hearing and representing school districts throughout the State of Mississippi.  Furthermore, the Hearing Officer refused to

15

consider the negative interference of destruction and/or spoliation of vital evidence, as had been specifically sought by the Plaintiff's counsel prior to the hearing in this matter.

30. The Plaintiff would further state and show unto the Court that, through their respective actions, conduct and statements, Defendants, and each of them, violated the Plaintiff's constitutional rights and privileges guaranteed him by the *First, Fifth and Fourteenth Amendments* to the *United States Constitution*, including his rights to petition the Government for a redress of his grievances, since the aforesaid Statutory scheme of the State of Mississippi provides for no procedure of relief from the oppressive and unconstitutional conduct of Defendants, his right not to have his constitutionally protected property rights, interests and privileges taken without just compensation by the State of Mississippi, and his right to not have his livelihood as a licensed educator damaged or diminished by the statutory laws and legislative scheme established and maintained by the State of Mississippi, as set forth herein above.

31. The Plaintiff would state and show unto the Court that, as a direct and proximate result of the actions, conduct and omissions of the Defendants, and each of them, he has suffered the following actual and compensatory, incidental and consequential, damages, all to his loss and detriment, including, but not limited to, the following:

      a.  damage to his reputation;

      b.  damage to his standing in the community and among his colleagues at other institutions of public schools in the fields of administration;

      c.  loss of his employment as Principal at Jefferson County Junior High School, including his loss of income and other employment-related benefits;

      d.  loss of monies due him under his contract of employment;

16

    e.  mental and emotional distress;

    f.  loss of his liberty in being able to seek and obtain employment from other public schools;

    g.  damages as a result of the false light portrayed by the Defendants of the Plaintiff;

    h.  damage to the Plaintiff's property rights and interests in his continued employment at Jefferson County Junior High School as Principal;

    i.  damage to the Plaintiff as a result of the invasion of the Plaintiff's right of free association and free speech, as more specifically set forth herein; and

    j.  such other damages and losses as may be shown at the trial of this matter.

<u>COUNT I</u>

32.    Plaintiff would incorporate by reference each and every one of the above and foregoing paragraphs of this Complaint, inclusive of the claims and causes of actions set forth therein, and she would further state and show unto the Court the following:

33.    Plaintiff would state and show unto the Court that the Defendants, and each of them, have engaged in the aforesaid wrongful conduct, in violation of the Plaintiff's rights and privileges afforded him under the *First*, *Fourth, Fifth* and *Fourteenth Amendments* to the *United States Constitution*.  Thus, the Plaintiff hereby seeks recovery for the violations of his rights to substantive and procedural due process of the laws, his right to not have her property taken without just compensation, his right of freedom of speech and association.

34.    As a direct and proximate result of said violations and wrongful conduct, the Plaintiff has suffered and incurred actual and compensatory, incidental and consequential, damages, for which the Defendants, and each of them are liable.

COUNT II

35.    Plaintiff would incorporate by reference each and every one of the above and foregoing paragraphs of this Complaint, inclusive of the claims and causes of actions set forth therein, and she would further state and show unto the Court the following:

36.    Plaintiff would further state and show unto the Court that the Defendants, and each of them, acting under color of state law and in consort with each other against the Plaintiff, engaged in the aforesaid wrongful conduct, all in an effort to deprive the Plaintiff of his aforesaid constitutional rights and privileges, as guaranteed to him under the *First, Fourth, Fifth* and *Fourteenth Amendments*, in violation of 42 U.S.C. Section 1983.  Thus, the Plaintiff hereby seeks recovery for the violations of his rights to substantive and procedural due process of the laws, his right to not have her property taken without just compensation, his right of freedom of association and his right of free speech.

37.    Plaintiff would further show unto the Court that the actions and conduct of the Defendants, and each of them, constituted the purposeful prevention or hindering of the Plaintiff from the equal protection of the laws of the United States of America.  As a result thereof, the Defendants, and each of them, conspired to deprive or injure the Plaintiff, in his person, liberty or property, such that the Defendants, and each of them, conspired to and did violate the terms and provisions of 42 U.S.C. Section 1985.

38.     Moreover, Plaintiff would show unto the Court that the Defendants, and each of them, conspired for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the Plaintiff from engaging the due course of justice in the State of Mississippi and in the United States of America, with the intent to deny him the equal protection of the laws, all in violation of 42 U.S.C. Section 1985.

39.     Further, Plaintiff would show unto the Court that, in further violation of 42 U.S.C. Section 1985, the Defendants, and each of them, conspired to prevent the enforcement of Plaintiff's rights and privileges under the *First, Fifth* and *Fourth Amendments* to the *United States Constitution*, as well as those rights and privileges pursuant to the *Fourteenth Amendment* of the *United States Constitution*, by such conspiracy to prevent the Plaintiff from fully, freely and truthfully discharging his duties, and from which the Plaintiff has suffered actual and compensatory damages, all to his loss and detriment.

40.     Finally, Plaintiff would state and show unto the court that the Defendants, and each of them, violated 42 U.S.C. Section 1986, inasmuch as they failed or refused to prevent the commission of the aforesaid acts of harm, through the Defendants' conspiracy.

41.     Plaintiff would therefore assert that the Defendants, and each of them, have violated the Plaintiff's rights and privileges afforded him under 42 U.S.C. Sections 1983, 1985 and 1986.

42.     As a direct and proximate result of said violations and wrongful conduct, the Plaintiff has suffered and incurred actual and compensatory, incidental and consequential, damages, for which the Defendants, and each of them, are liable.  He is likewise entitled to all relief afforded him under 42 U.S.C. Section 1988.

19

## COUNT III

43.    Plaintiff would incorporate by reference each and every one of the above and foregoing paragraphs of this Complaint, inclusive of the claims and causes of actions set forth therein, and she would further state and show unto the Court the following:

44.    Plaintiff would finally state and show unto the Court that the Defendants, and each of them, have engaged in the formation, facilitation, and perpetration of a civil conspiracy, so as to cause all such manner of harm, losses and injuries upon the Plaintiff, such that the Defendants, and each of them, jointly and severally, whether by deed, artifice, word or conduct, has engaged in such wrongful and unlawful activity, such that the Plaintiff has suffered and incurred actual and compensatory, incidental and consequential, damages, for which these Defendants are liable.

## DEMAND FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Michael Brown, by and through his counsel, hereby demands a judgment of, from and against the Defendants, and each of them, and award unto her the following relief:

A.  All actual and compensatory, incidental and consequential, damages, to which he is entitled and which this Court may deem appropriate, under the aforesaid facts and circumstances.

B.  All punitive damages, which this Court deem appropriate, based upon the facts that the Defendants, and each of them, engaged in such bad faith, intentional, willful, wanton, and grossly negligent conduct and reckless disregard for the rights and privileges of the Plaintiff and others, such that the Defendants, and each of them, should be subjected to the imposition of punitive damages in an amount so as to punish the Defendants, and each of them, for such conduct; so as to deter the Defendants, and each of them, from engaging in such conduct in the

future; so as to deter other similarly situated Defendants from engaging in such conduct in the future; and so as to bring such wrongdoers to public account.

C.  Injunctive relief, and the Plaintiff so moves, in the form of both mandatory and prohibitive judgments, ordering and directing for the Plaintiff to be promptly reinstated to him former position as Principal at Jefferson County Junior High School, without any threat of reprisal, that all of the Defendants, be ordered to cease and desist from engaging in conduct which violates the rights and privileges of the Plaintiff and other similarly situated public school employees, and to enjoin the Defendants, and each of them from enforcing or otherwise engaging in any actions or conduct under the subject legislative scheme and statutory laws, so as to prevent such violations of the constitutional rights of the Plaintiff, and others similarly situated, in the future, as set forth herein above, as well as such other equitable and injunctive relief, either general or specific, as the Court may deem appropriate.

D.  All prejudgment and post-judgment interest, as deemed appropriate by this Court.

E.  All attorney fees, costs and expenses, as deemed appropriate by this Court, and in accordance with 42 U.S.C. Section 1988.

Further, the Plaintiff prays for such other relief, either general or specific, as the Court deems appropriate.

RESPECTFULLY SUBMITTED, this the 23rd day of August, 2012.

MICHAEL BROWN, PLAINTIFF

By: _____
Paul A. Koerber

21

Paul A. Koerber, Esq.
Koerber Law Firm, PLLC
Miss. Bar No. 4239
Attorneys at Law
406 Tombigbee Street
Post Office Box 12805
Jackson, Mississippi 39236-2805
(601) 956-0072