IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MICHAEL BROWN                                                             PLAINTIFF

    VS.                             CIVIL ACTION NO. 5:12-cv-00119-DPJ-FKB

JEFFERSON COUNTY SCHOOL DISTRICT,
by and through its Superintendent, TRACEY M. COOK;
JEFFERSON COUNTY BOARD OF EDUCATION,
by and through its President, ROOSEVELT ANDERSON;
the MISSISSIPPI DEPARTMENT OF EDUCATION; and
JOHN DOES NOS. 1-10                                    DEFENDANTS

## MOTION TO ENFORCE SETTLEMENT AND FOR SANCTIONS

COMES NOW, the Plaintiff, Michael Brown, by and through counsel, and files this his Motion to Enforce the Settlement reached during a mediation before United States Magistrate Judge F. Keith Ball on December 17, 2012, and for Sanctions against the Defendants, Jefferson County School District (hereinafter referred to as "JCSD"), by and through its Superintendent, Tracey M. Cook; the Jefferson County Board of Education, by and through its President, Roosevelt Anderson (hereinafter referred to as "JCSB") and the Mississippi Department of Education (hereinafter referred to as "MDE"); and in support hereof, would show unto the Court the following, to-wit:

1. On December 17, 2012, this Honorable Court, by and through United States Magistrate Judge F. Keith Ball, conducted a mediation of this civil action. At that mediation, a settlement was reached between the parties, and on December 18, 2012, this Court *sua sponte* dismissed this action with prejudice based upon said settlement, despite the fact that the parties had not fully consummated the terms of the settlement, including execution of a release and tender of settlement proceeds.

2. Despite statements from counsel for the Defendants that he would seek to have the settle consummated and funds tendered by December 21, 2012, realistically the parties understood that additional time may be needed. However, despite incessant efforts of counsel for the Plaintiff to finalize this settlement process, the Defendants and their insurance carrier, Zurich American Insurance Company have failed or refused to do so. Now, more than thirty (30) days has elapsed since the settlement was reached during the mediation.

3. Throughout January of 2013, counsel for the Plaintiff has communicated with Defendants' counsel in a good faith effort to resolve and consummate this settlement. Indeed, Plaintiff and his counsel have already executed a settlement agreement and release in good faith reliance on the Defendants and their insurance carrier complying with the terms and provisions of the settlement reached at the mediation. However, the original of the agreement has not been delivered, since there has been no assurances from the Defendants or their insurance carrier that they have any intention on complying with the terms of the settlement, especially with respect to tendering the settlement proceeds.

4. Throughout January of 2013, and on a repeated and continuing basis, counsel for the Defendants communicated to Plaintiff's counsel several dates that the settlement proceeds were expected to be received. Each such day would pass with no proceeds being received by Defendant's counsel or Plaintiff's counsel. Thus, Plaintiff would state on belief that Defendant's counsel was unfortunately merely repeating information that the Defendants and their insurance carrier were expressing to him. Thus, the Defendants and their carrier have displayed by their conduct that they have no intention on complying with the terms of the settlement reached at the mediation before Magistrate Judge Ball.

5. On or about January 23, 2013, counsel for the Defendants informed counsel for the Plaintiffs, that the settlement proceeds had been received by the Defendants from their insurance carrier; however, after repeated and pointed inquiries and demands for tendering of the settlement proceeds, the Defendants have refused to do so. The Defendants and their insurance carrier, Zurich American Insurance Company, have therefore perpetrated a fraud upon the Court for which they should be sanctioned. Indeed, on the date of the filing of this motion, counsel for the Defendants suggested that this motion be filed, apparently due to the failure or refusal of the Defendants or their insurance carrier to comply with the terms of the settlement reach at the mediation before Magistrate Judge Ball.

6. As a direct and proximate result of the bad faith and fraud perpetrated by the Defendants and their insurance carrier, Plaintiff has incurred substantial and significant attorney fees, costs and expenses, all to his loss and detriment. Moreover, inasmuch as the Defendants and their carrier have perpetrated such a fraud, this Court should not only award such attorney fees and costs, but this Court should sanction the Defendants and their carrier for such intentional, willful and unlawful conduct by assessing a loadstar amount of additional sum to the Plaintiff for the wrongful conduct of the Defendants and their insurance carrier. As such the Plaintiff would respectfully seek the sum of $100,000 from the Defendant and their insurance carrier, Zurich American Insurance Company, as well as impose an equitable lien upon all property of the Defendants and their insurance carrier until such sum is paid in full to the Plaintiff. Further, representatives of the Defendants and their insurance carrier should be compelled to appear before this Court and show cause why they should not be held in contempt.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, by and through his counsel, respectfully moves the Court for an order awarding the following relief:

A. An order enforcing the settlement and directing that the settlement funds be immediately tendered to the Plaintiff and his counsel;

B. An award of $100,000 as a sanction for perpetrating a fraud on the Court and engaging in bad faith and reckless, willful and intentional conduct designed solely to cause more loss and harm to the Plaintiff and for wholly disregarding the terms and provisions of the settlement reached at the mediation before Magistrate Judge Ball;

C. Imposition of an equitable lien upon all property of the Defendants and their insurance carrier, Zurich American, such that no disposition or deteriorating of their respective properties occur until such time as the Defendants and their carrier have complied with the terms of the settlement and in paying the sanctioned amount sought herein above;

D. An award of all attorney fees and costs incurred by the Plaintiff in this action and in seeking enforcement of the settlement and in the work required to bring this motion before this Honorable Court; and

E. An order compelling representatives of the Defendants and their insurance carrier to appear before this Court and show cause why they should not be held in contempt of this Court.

Further, the Plaintiff prays for such other relief, either general or specific, as the Court deems appropriate. Finally, due to the urgent and necessitous nature of the relief sought herein, the Plaintiff requests that this Honorable Court immediately hear this Motion and enforce the aforesaid settlement, lest further loss and damages be incurred by the Plaintiff and further fraud be visited upon this Court.

RESPECTFULLY SUBMITTED, this the 25th day of January, 2013

                                                  MICHAEL BROWN, PLAINTIFF

                                      By: */s/ Paul A. Koerber*
                                                  Paul A. Koerber

Paul A. Koerber, Esq.
Koerber Law Firm, PLLC
Miss. Bar No. 4239
Attorneys at Law
406 Tombigbee Street
Post Office Box 12805
Jackson, Mississippi 39236-2805
(601) 956-0072

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, a true and correct copy of the foregoing was served, via electronic filing and United States Mail, postage prepaid, on the following counsel of record:

        Nathaniel A. Armistad, Esq.
        Armistad Law Firm, PLLC
        225 South Railroad Avenue
        Brookhaven, Mississippi 39601

This the 25th day of January, 2013.

                                                  */s/ Paul A. Koerber*
                                                  Paul A. Koerber