IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MICHAEL BROWN                                                                    PLAINTIFF

VS.                                                    CIVIL ACTION NO. 5:12-cv-00119-DPJ-FKB

JEFFERSON COUNTY SCHOOL DISTRICT,
by and through its Superintendent, TRACEY M. COOK;                DEFENDANTS
JEFFERSON COUNTY BOARD OF EDUCATION,
by and through its President, ROOSEVELT ANDERSON;
the MISSISSIPPI DEPARTMENT OF EDUCATION; and
JOHN DOES NOS. 1-10

---

## MOTION TO ENFORCE SETTLEMENT

---

COMES NOW, the Defendant, Jefferson County School District, by and through its counsel, and

files this their Motion to Enforce the Settlement reached during a mediation before United States

Magistrate Judge F. Keith Ball on December 17, 2012 with the Defendants, Jefferson County

School District (hereinafter referred to as "JCSD"), by and through its Superintendent, Tracey M.

Cook; the Jefferson County Board of Education, by and through its President, Roosevelt

Anderson (hereinafter referred to as "JCSD") and the Mississippi Department of Education

(hereinafter referred to as "MDE"); and in support hereof, would show unto the Court the

following, to-wit:

**I.      Brief recitation of facts**

On December 17, 2012, this Honorable Court, by an through the United States

Magistrate Judge F. Keith Ball, conducted a mediation of this civil action.  At that mediation, a

settlement was reached between the parties, and on December 18, 2012, this Court *sua sponte*

dismissed this action with prejudice based upon said settlement.  On January 23, 2013, Plaintiff

executed a Full and Final Settlement Agreement and Release.  See Exhibit A.  On page 3 paragraph 2 of the agreement, Michael Brown agreed to never again seek and/or apply for employment with or by and through the Jefferson County School District from the date of this agreement forward as consideration for this settlement.   Despite signing the Full and Final Agreement and Release and receiving proceeds from the settlement, Plaintiff has failed to honor the terms and conditions of the settlement agreement.

On February 24, 2015, Michael Brown signed a Qualifying Statement of Intent to run of the office of Superintendent of Education for the Jefferson County School District.  Please see Exhibit B.  This is in exactly what Michael Brown agreed not to do as consideration for the settlement with the Jefferson County School District.

## II.     Law and Argument

"The law favors the settlement of disputes by agreement of the parties and, ordinarily, will enforce the agreement which the parties have made, absent any fraud, mistake, or overreaching." *Ammons v. Cordova Floors, Inc.*, 904 So.2d 185, 190 (Miss. Ct. App. 2005) (quoting *McManus v. Howard*, 569 So.2d 1213, 1215 (Miss. 1990)).  "In order to have a valid settlement agreement, there must be consideration and a meeting of the minds between competent contracting parties." *Id.* (citing *Viverette v. State Highway Comm'n of Miss.*, 656 So.2d 102, 103 (Miss. 1995)).  While there is no meeting of the minds until the offeree accepts the offer, acceptance "can occur in a number of different ways and may be inferred from conduct of the parties." *Id.* (citing *In re Estate of Davis,* 832 So.2d 534, 537 (Miss. Ct. App. 2001)).

The District submits a valid settlement agreement has already been executed, evidenced by the signatures of the parties and their counsel on page 6 of Exhibit 1.  Accordingly, there is no longer any live controversy and this case has been dismissed.  In addition, Michael Brown has

received the settlement proceed from The Jefferson County School District.  Therefore, Michael Brown should be ordered to withdraw his name as a candidate for Superintendent of Education in the Jefferson County School District.

## III.   Conclusion

A valid, enforceable settlement agreement has been executed by the parties.  Michael Brown cannot show any "fraud, mistake, or overreaching" exists entitling her to abandon the agreement.  The Agreement is a binding settlement agreement.  Therefore, Michael Brown should be ordered to abide by and adhere to the terms of the settlement agreement and withdraw his name as a candidate for Superintendent of Education.

Respectfully submitted, this 4th day of March 2015.

**Tracy Cook and Jefferson County**
**School District,**


/s/ Nathaniel A. Armistad
NATHANIEL A. ARMISTAD

OF COUNSEL:

James A. Keith
Mississippi Bar No. 3456
Adams and Reese LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, Mississippi 39157
Telephone:  601.353.3234
Facsimile:  601.355.9708
E-mail:  Jim.keith@arlaw.com

## Certificate of Service

I hereby certify that I have caused the above document to be served, via electronic filing, electronic mail, and U.S. Mail, first-class, postage pre-paid, on counsel for the Plaintiff as follows:

Paul A. Koerber, Esq.
Koerber Law Firm, PLLC
Miss. Bar No. 4239
Attorney at Law
406 Tombigbee Street
Post Office Box 12805
Jackson, Mississippi 39236-2805
(601) 956-0072

Dated:  March 4, 2015.

/s/ Nathaniel A. Armistad
Nathaniel A. Armistad