## FULL AND FINAL SETTLEMENT AGREEMENT AND RELEASE

THIS AGREEMENT is made and entered into by and between JEFFERSON COUNTY SCHOOL DISTRICT, By and through its Superintendent, TRACEY M. COOK; JEFFERSON COUNTY BOARD OF EDUCATION, by and through its President, ROOSEVELT ANDERSON; the MISSISSIPPI DEPARTMENT OF EDUCATION; and JOHN DOES NOS. 1-10 (collectively "the District") and MICHAEL BROWN ("Brown"), an individual residing in the state of Mississippi.

WHEREAS, a dispute has arisen between Brown and the District related to Brown's employment with the District; and

WHEREAS, the referenced dispute forms the basis of an action presently pending in the United States District Court for the Southern District of Mississippi, Jackson Division, styled <u>Michael Brown v. Jefferson County School District, By and through its Superintendent, TRACEY M. COOK; JEFFERSON COUNTY BOARD OF EDUCATION, by and through its President, ROOSEVELT ANDERSON; the MISSISSIPPI DEPARTMENT OF EDUCATION, and JOHN DOES NOS. 1-10</u> being Civil Action No. 5:12CV 119 DPJ-FKB on the docket of the Court ("Underlying Litigation"); and

WHEREAS, in the interest of resolving this matter and avoiding the delays, expenses, and uncertainties of additional litigation, the Parties have agreed to adjust and settle their dispute;

NOW THEREFORE, in consideration of the promises contained in this Full and Final Settlement Agreement and Release ("Agreement"), and for other good and valuable consideration, the receipt, adequacy and sufficiency of which are hereby acknowledged, the Parties stipulate and agree as follows:

1. The District and/or its insurer agree to pay Brown the sum of Twenty Seven Thousand Five Hundred and No/100 Dollars ($27,500.00) ("Settlement Funds"), and Brown acknowledges and agrees that this sum is sufficient and satisfactory to him as a settlement of his claims brought or that should or could have been brought in the Underlying Litigation. Brown further acknowledges and agrees that the gross amount of Twenty Seven Thousand Five Hundred and No/100 Dollars ($27,500.00) will be payable solely to Brown and his Attorney, Paul Koerber is not receiving any fees from such settlement.

2. In exchange, Michael Brown, for himself and his past and present agents, representatives, insurers, attorneys, executors, heirs, successors, assigns and any and all other persons and/or entities having an interest or claiming to have an interest through or with Brown, pertaining in any manner whatsoever to his

1



claims and/or the Underlying Litigation and/or his employment with the District, completely and finally releases, discharges and forever acquits the District and its respective insurers, past and present school board members and superintendents, officers, representatives, attorneys, employees, agents, related entities, affiliates, successors and assigns, and any and all other persons or entities charged or chargeable with responsibility or liability, including all named defendants in this litigation ("Released Parties"), from any and all claims, EEOC complaints, charges, demands, damages, losses, costs, expenses, actions and causes of action of every kind and nature whatsoever, both known and unknown, accrued or not accrued, which Brown, or any other party having an interest or claiming to have an interest through or with Brown, may now or hereafter have arising out of any acts or omissions of the Released Parties occurring on or existing prior to the date hereof, including, without limitation, the matters complained of or that could or should have been complained of and/or asserted in the Underlying Litigation or otherwise related to Brown's employment with the District. The District and its respective insurers, past and present school board members and superintendents, officers, representatives, attorneys, employees, agents, related entities, affiliates, successors and assigns, agrees to release Brown from any and all claims, complaints, charges, demands, damages, losses, costs, expenses, actions and causes of action of every kind and nature whatsoever, both known and unknown, accrued or not accrued, which may now or hereafter have arisen out of any acts or omission of Brown occurring on or existing prior to the date hereof, including, without limitation, the matters complained of or that could or should have been complained of and/or asserted in the Underlying Litigation or otherwise related to Brown's employment with the District. Brown further covenants and agrees to never again seek and/or apply for employment with or by and through the District from the date of this Agreement forward; however, it is excepted from this covenant and provision that Brown may seek employment with other educational institutions in the State of Mississippi, such that this Release shall have no effect upon her rights, privileges and opportunities to obtain other employment in the State of Mississippi as a teacher, administrator or in such other educational capacities.

3. It is expressly understood and agreed that this Agreement is not intended and shall not be construed as an admission by any party of any wrongdoing or of any obligation or liability whatsoever with respect to Brown's claims and/or the Underlying Litigation. Furthermore, the District denies any wrongdoing or any obligation or liability. It is expressly understood and agreed that this Agreement is executed to effectuate a compromise and settlement and release of disputed claims, to terminate all

2

controversies between the Parties with respect to Brown's claims and/or the Underlying Litigation and/or Brown's employment with the District, and to eliminate the potential for any future controversies between them arising from or in any way related to Brown's claims and/or the Underlying Litigation and/or Brown's employment with the District.

4. This Agreement represents and expresses the entire agreement between Brown and the District, and it shall be binding on each of the Parties hereto and on their respective insurers, agents, representatives, heirs, parents, subsidiaries, affiliates, successors and assigns, and on any other person or entity that may have any interest, or claim any interest, through any of the Parties with respect to the aforementioned released claims. No representation, inducement, agreement, promise, understanding, or waiver offer, modifying, or taking from or adding to the terms and conditions hereof shall be of any force or effect unless the same is in writing and validly executed by each of the parties hereto.

5. Brown represents and warrants to the District that he has not conveyed, assigned, hypothecated or otherwise transferred to any person or entity, directly or indirectly, any interest in any claim or potential claim which is subject to this Agreement. Brown further agrees to indemnify and hold the District harmless against any and all such claims. Brown also agrees to defend, indemnify, and hold harmless the District against any demand, claim, action, cause of action or grievance arising in whole or in part from any of the claims settled or released by Brown through this Agreement.

6. Brown agrees that he is solely responsible for payment of all applicable taxes, if any, including, but not limited to state and federal income taxes and penalties thereon, if any, on the Settlement Funds. However, as claimed by Brown, he has suffered and incurred physical, mental and other similar injuries, which are being released hereby. Brown further agrees to indemnify, defend, and hold the District harmless against all claims for tax liability or other tax obligation, if any, on payment of the Settlement Funds, regardless of whether it is ultimately determined that there is any tax liability on the Settlement Funds to any governmental entity. This duty includes, but is not limited to, the duty to reimburse the District for any and all taxes determined to be due, including any and all related fines, assessments, and penalties, and its attorneys' fees incurred in defending against any such claim for tax liability or obligation.

7. In exchange for the consideration stated herein, and upon inquiry from future prospective employers, the District agrees to provide those employers only with Brown's former position and inclusive dates of employment with the District, unless otherwise required by law to provide additional information.

3

However, the District agrees and covenants that it will take no action or make any statement which shall adversely affect Brown's employment opportunities.

8. Immediately upon Brown's execution of this Agreement, the Parties agree to do those things necessary to cause the Underlying Litigation to be dismissed with prejudice, with each party bearing their own costs and fees including, but not limited to, their attorneys' fees.

9. The language contained in all provisions of this Agreement shall be construed as a whole and in a manner which will effectuate the intentions of the Parties as expressed herein. The terms of this Agreement have been fully negotiated by counsel for the Parties, and this Agreement shall not be construed more strictly for or against any Party.

10. It is expressly understood and agreed that the terms of this Agreement are contractual and not merely a recital. In entering into this Agreement, the Parties represent and warrant that they have relied upon the legal advice of their attorney, who is the attorney of their choice, and that the terms of this Agreement have been completely read and explained to them by their attorney and that those terms are fully understood and voluntarily accepted by them.

11. It is expressly understood and agreed that the consideration stated herein is the sole consideration of this Agreement, that it is received by Brown as full accord and satisfaction of all the aforesaid claims, demands or causes of action, that the parties and each of them warrant that no promise or inducement has been offered or made except as herein set forth and that nothing which any other party has said, done, or represented is relied upon in entering into this Agreement.

12. The parties agree to keep the terms of this Agreement confidential. Any Breach or violation of the confidentiality of this agreement by Michael Brown will be enforced. The parties also agree to keep all terms and details and instances of Brown's employment and the employment of others (to the extent he has any such knowledge) with the District confidential, unless otherwise required by the law to disclose such information. The parties also agree to pay any and all legal costs incurred in enforcing this confidentiality provision.

13. By giving his approval to this Agreement, Paul Koerber, Attorney for Brown, acknowledges that no separate payment for attorneys' fees or expenses is to be paid by the District and that Brown is responsible for all fees and expenses to be paid to his attorney including, without limitation, Paul Koerber.

4

14. Brown and the District agree and acknowledge that in any action or proceeding for legal or equitable relief brought by any of them for an alleged breach of this Agreement or arising from such a breach, in addition to any declaratory, injunctive, or monetary judgment that may be awarded, liability shall also include all costs and expenses sustained by the prevailing party on account of instituting or defending such action, charge, complaint or grievance including, but not limited to, attorneys' fees and all other costs and expenses, whether taxable or otherwise, for initiating or defending against such action or proceeding.

15. If, for any reason, there are any mistakes in this Agreement, whether mutual or unilateral, which would cause it to be defective or less than complete in any respect including, but not limited to, the effectuation of a valid release of Brown and/or the District, the parties agree to execute any and all instruments, and to do any and all things, necessary to give full effect to the Agreement and to effectuate a full, final, and complete release of the District.

16. Brown hereby covenants and agrees, as a material representation and condition precedent to this Agreement and the consideration paid under it, that he is of sound mind and body and fully competent to execute this Agreement. Brown further covenants that his attorney has explained this Agreement to him, and Brown understands it and any and all consequences of signing said Agreement. Likewise, the representative of the District and the Released Parties herein acknowledge that he/she has the authority to execute this binding agreement based upon the mutual considerations and promises set forth herein.

17. In the event any of the provisions of the Agreement or parts thereof are determined to be invalid and unenforceable, such invalidity or unenforceability shall not affect the remaining portions of this Agreement. Furthermore, each Party agrees to execute any and all documents and do any and all things necessary to effectuate a full and final release of all the aforesaid claims.

18. This Agreement is made and delivered in the State of Mississippi and shall be construed according to the laws of the State of Mississippi under the exclusive jurisdiction of the United States District Court for the Southern District of Mississippi, Jackson Division.

WITNESS THE EXECUTION of this Full and Final Settlement Agreement and Release on the date set forth below.

MICHAEL BROWN

Signed: _____

Date: January 23, 2013

Agreed and approved as to form and content:

_____
Paul Koerber
Attorney for Michael Brown

JEFFERSON COUNTY SCHOOL DISTRICT,
For itself and all other Released Parties.

By: _____
Authorized Representative

6

STATE OF MISSISSIPPI

COUNTY OF __Jefferson__

PERSONALLY APPEARED before me, the undersigned authority in and for the jurisdiction aforesaid, __Tracy Cook__, and authorized representative of and for the JEFFERSON COUNTY SCHOOL DISTRICT and the Released Parties, who acknowledged that he/she signed and delivered the foregoing instrument on the day and year therein mentioned and for the purposes therein set forth.

GIVEN under my hand and official seal, this the __25th__ day of __January__, 2013.

_Shumeki Glass_
NOTARY PUBLIC

My Commission Expires:
__Jan. 22, 2016__

[Notary Seal: STATE OF MISSISSIPPI NOTARY PUBLIC ID #88531 SHUMEKI GLASS Commission Expires Jan. 22, 2016 JEFFERSON COUNTY]

8