IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**MICHAEL BROWN**                                                **PLAINTIFF**

**VS.**                                **CIVIL ACTION NO. 5:12-cv-00119-DPJ-FKB**

**JEFFERSON COUNTY SCHOOL DISTRICT,**
**by and through its Superintendent, TRACEY M. COOK;**
**JEFFERSON COUNTY BOARD OF EDUCATION,**
**by and through its President, ROOSEVELT ANDERSON;**
**the MISSISSIPPI DEPARTMENT OF EDUCATION; and**
**JOHN DOES NOS. 1-10**                               **DEFENDANTS**

### MOTION TO DISMISS MOTION TO ENFORCE SETTLEMENT, RESPONSE TO MOTION TO ENFORCE SETTLEMENT, AND COUNTERCLAIM

COMES NOW the plaintiff, Michael Brown, by and through his undersigned counsel, and files this his motion to dismiss the motion to enforce settlement filed by the defendants, Jefferson County School District, by and through its Superintendent, Tracey M. Cook; Jefferson County Board of Education, by and through its President, Roosevelt Anderson; the Mississippi Department of Education; and John Does Nos. 1-10, his answer, and counterclaim for attorney fees, and would show unto the Court that the defendants' motion to enforce settlement should be dismissed on the following grounds:

1. The settlement agreement does not preclude the plaintiff from seeking an elective office in Jefferson County, Mississippi. The Office of Superintendent of Education for Jefferson County, Mississippi is an elective office rather than an appointive office. [See Decl. Michael

1

Thomas]. The Superintendent of Education in Jefferson County, Mississippi is an elected position. MISS. CONST. 1980 Art. 8, § 204; MISS. CONST. 1980 Art. 12, § 250; Miss. Code Ann. § 37-5-61. The superintendent is the director of public schools in Jefferson County, Mississippi. Miss. Code Ann. § 37-5-61(3). The superintendent is elected at the same time as other county officers such as sheriff, tax assessor, tax collector, chancery clerk, and circuit clerk. Miss. Code Ann. § 37-5-61(4). Therefore, the superintendent is an elected official and not an employee of the school board.

2. There was not a meeting of the minds in the settlement agreement as to whether or not the plaintiff could seek the elective office of Superintendent of Education. Mr. Brown has stated, under oath, that he did not intend or understand the settlement agreement to mean that he was precluded from running for office. The settlement agreement only precluded Mr. Brown from seeking employment with the school board. Therefore, there was not a meeting of the minds. A settlement agreement is a contract, and there must be a meeting of the minds in order for the contract to be enforceable. *Howard v. TotalFinal E & P USA, Inc.*, 899 So.2d 882 (Miss. 2005) (en banc). A superintendent is not an employee of a school district for purposes of the FLSA, 28 U.S.C. § 203. See *Barfield v. Madison County, Miss.*, 984 F. Supp. 491 (S. D. Miss. 1997), reversed on other grounds, 212 F.3d 269 (5th Cir. 2000).

3. Finally, a contract may be set aside where the parties were operating under a mutual mistake of fact. *White v. Cooke*, 4 So.3d 330 (Miss. 2009) (en banc). The parties were operating under a mutual mistake of fact. Mr. Brown did not agree not to seek public office in Jefferson County again, including the Office of Superintendent of Education. Since there was a mutual mistake of fact, the settlement should be set aside.

4. The parties agreed that the settlement agreement would remain confidential.

However, the defendants breached that confidentiality agreement. The settlement agreement also provides that the party who breaches the settlement agreement should pay court costs, including a reasonable attorney's fee. Since the defendants have materially violated the confidentiality agreement, they should pay plaintiff a reasonable attorney's fee for responding to the defendant's motion.

This the 16th day of March, 2015.

        Respectfully submitted,
        MICHAEL BROWN,
        PLAINTIFF

        */s/ Carroll Rhodes, Esq.*
        CARROLL RHODES, ESQ. - MSB #5314
        LAW OFFICES OF CARROLL RHODES
        POST OFFICE BOX 588
        HAZLEHURST, MS 39083
        TELEPHONE: (601) 894-4323
        FACSIMILE: (601) 894-1464
        E-MAIL: crhode@bellsouth.net

## CERTIFICATE OF SERVICE

I, Carroll Rhodes, attorney for te plaintiff do hereby certify that on the 16th day of March, 2015, I electronically filed a copy of the above and foregoing Pleading with the Clerk of this Court who electronically provided a copy of the document to the following:

    Paul A. Koerber, Esq.
    Koerber Law Firm, PLLC
    Post Office Box 12805
    Jackson, Mississippi
    E-Mail: koerberlaw@gmail.com

    Nathaniel Armistad, Esq.

The Armistad Law Firm, PLLC
225 South Railroad Avenue
Brookhaven, Mississippi 39601

James A. Keith, Esq.
Adams and Reese, LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, Mississippi 39157
E-Mail: jim.keith@arlaw.com

THIS, the 16th day of March, 2015.

                                        */s/ Carroll Rhodes*
                                        CARROLL RHODES